UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

PHAN TINH,

    Petitioner,

v.

JERRY HOWELL, *et al.*,

    Respondents.

Case No. 2:19-cv-01741-RFB-EJY

**ORDER**

Phan Tinh, who is incarcerated at Nevada's Southern Desert Correctional Center, and who is the petitioner in this habeas action, submitted an Application to Proceed *In Forma Pauperis* (ECF No. 1) and a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1) for filing on October 7, 2019. On October 8, 2019, the Court denied Tinh's Application to Proceed *In Forma Pauperis* and ordered him to pay the filing fee for this action (ECF No. 2). Tinh paid the filing fee on November 18, 2019 (ECF No. 3). The Court will therefore order Tinh's petition filed. However, the Court has examined Tinh's petition and determines that it is subject to dismissal because the Court lacks jurisdiction over it.

Tinh alleges in his petition that he has been a permanent resident of the United States since 1992, that he was apparently convicted in state court of burglary in 2017 and received probation, and that he subsequently violated his probation and received a three to ten year prison sentence, which he is currently serving. See Pet. for Writ of Habeas Corpus 3, ECF No. 1-1. He further alleges that in February 2019 he "received notification of an ICE hold." Id. In his habeas petition, he seeks to challenge that immigration detainer on federal constitutional grounds. See id. at 3-4.

Federal habeas corpus jurisdiction is limited to petitions from individuals who are "in custody in violation of the Constitution and laws of the United States." 28 U.S.C. §

2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). The Supreme Court has interpreted the statutory language to mean "in custody" pursuant to the conviction or sentence under attack. Maleng, 490 U.S. at 490–91. The "in custody" requirement is jurisdictional. See Wilson v. Betteque, 554 F.3d 816, 821 (9th Cir. 2009) (citing Hensley v. Municipal Court, 411 U.S. 345, 351 (1973)).

An immigration detainer is essentially a request to a law enforcement agency or prison to notify the Department of Homeland Security (DHS) before it releases an "alien" upon completion of his prison sentence, so that DHS may take custody of the individual for removal proceedings. See 8 C.F.R. § 287.7; see also McLean v. Crabtree, 173 F.3d 1176, 1185 n.12 (9th Cir. 1999). An immigration detainer does not constitute custody for purposes of habeas corpus jurisdiction. See Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995) ("'[T]he bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'") (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)).

Tinh's petition indicates that he has only received the notice of the detainer, that immigration charges have not been initiated against him, and that he is not presently subject to a removal order; rather, the petition indicates that Tinh is in custody pursuant only to the criminal conviction. Tinh is not in immigration custody and he does not challenge the conviction for which he is currently in custody. This Court lacks jurisdiction over his habeas petition challenging the immigration detainer.

The Court need not determine whether a Certificate of Appealability is warranted. 28 U.S.C. § 2253(c)(1) does not require a Certificate of Appealability for an appeal because this is an appeal from an order dismissing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, not a final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court or a final order in a proceeding under 28 U.S.C. § 2255. See Forde v. U.S. Parole Comm'n, 114 F.3d 878, 879 (9th Cir. 1997).

**IT IS THEREFORE ORDERED** that the Clerk of Court is directed to separately file the Petition for Writ of Habeas Corpus (ECF No. 1-1).

**IT IS FURTHER ORDERED** that this action is dismissed.

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter judgment accordingly.

DATED THIS 5th day of December, 2019.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE